JOE PALOUCEK ET AL., APPELLEES, v. ARTHUR H. ADAMS, APPELLANT.

45 N. W. 2d 895

Filed February 9, 1951. No. 32858.

*J. Cedric Conover* and *W. C. Conover,* for appellant.

*McGinley & Lane,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit by the owners of a private irrigation ditch to enjoin the defendant, across whose lands the ditch was constructed, from interfering with the maintenance and operation of the ditch. The trial court found that the easement existed, determined its extent, and enjoined the defendant from interfering therewith. The defendant appeals.

The plaintiffs are the owners of certain lands in Keith County described in the petition. Their lands are contiguous and include irrigable lands which are irrigated from the Hollingsworth Canal. The Hollingsworth Canal is a private partnership ditch owned by the plaintiffs. It has an appropriation of water from the South Platte River with a priority dating of 1894. The water diverted under this appropriation is used solely for irrigating the lands of the plaintiffs. The point of diversion is on the south bank of the South Platte River about three miles west of plaintiffs' lands. The water is carried from the point of diversion through the Hollingsworth Canal in an easterly direction to the lands of the plaintiffs where it is applied to their lands. The canal passes through the lands of the defendant which lie to the west of plaintiffs' lands. The evidence is clear that the ditch was constructed across defendant's lands more than 20 years ago and that it has been continuously used since that time. That the plaintiffs have an easement by prescription across the lands of the defendant is established beyond a doubt. The question at issue arises because of a disagreement as to the rights of the plaintiffs on the lands of the defendant by virtue of the easement.

The defendant became the owner of his lands traversed by the Hollingsworth Canal in 1947. The dispute arises out of the construction of a fence by the defendant on the bank of the ditch, his plowing down of the ditch banks in his farming operations, and his alleged refusal to permit plaintiffs to maintain their ditch in 1949.

The evidence shows that it is necessary each year to clear the ditch of weeds by cutting and burning. It is necessary also, as the occasion demands, to clean the ditch by removing silt and debris which has settled and lodged in it. Various types of machinery have been used throughout the years in the operation and maintenance of the ditch. The horse-drawn scraper has been

succeeded in turn by the tractor-drawn plow ditcher and the dragline. A small truck is ordinarily used in connection with the operation and maintenance of the ditch.

The evidence shows that the west part of defendant's lands is in pasture. The ditch through this area is higher than the surrounding lands and requires that the ditch banks be maintained at a greater height than on the eastern portion. At one point on defendant's lands there is a flume which carries surface waters under the ditch from the south to the north that they may flow back to the river. There has been considerable maintenance in and about this flume in recent years, as well as an occasional washout. When the water is being used for irrigation it is necessary to check the water and raise its level in the ditch in order to get it out on plaintiffs' lands. The lowering of the ditch banks brings about an occasional overflow of the banks during such periods which requires immediate repair of the banks.

The evidence shows that it is necessary, for the proper operation and maintenance of the ditch, to have sufficient space to move up and down on each bank with tractors, draglines, and small trucks. The extent of the easement, however, is determinable from the use actually made of the property during the running of the prescriptive period. It in fact determines the nature of the easement acquired. See, 17 Am. Jur., Easements, § 59, p. 971; Dunbar v. O'Brien, 117 Neb. 245, 220 N. W. 278, 58 A. L. R. 1033.

The record shows that plaintiffs and their predecessors in interest used the banks of the ditch in maintaining it for the prescriptive period. In 1947 and 1949, during the period of defendant's ownership of the property, a dragline was used in cleaning portions of the ditch. Previous thereto the banks were used during the operation of a ditch plow in cleaning the ditch. The evidence sustains a finding that plaintiffs have used 25 feet of land on each side of the center line of the ditch

throughout the prescription period. An engineer called by the plaintiffs testified that the land used, as evidenced by indications on the ground testified to by him, varied from 57 to 75 feet. The plaintiffs testify to the use of a similar amount of ground during the prescriptive period. A tenant on defendant's land before he acquired ownership or possession testifies that more than 50 feet of ground was used in the operation and maintenance of the ditch. The trial judge made a personal inspection of the ditch and the lands adjacent thereto. From this evidence we find that the use made of defendant's land, which had ripened into an easement for the operation and maintenance of the canal, extended a distance of 25 feet on each side of the center line of the canal. While there is evidence offered by the defendant to the contrary, the findings in this respect are clearly supported by the record.

An easement is usually defined as a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with the general property right of the owner. Frye v. Sibbitt, 145 Neb. 600, 17 N. W. 2d 617. The owner of the easement may make use of it only for the special purpose that gave rise to the easement itself. The servient owner may make any use of it that he cares to make so long as he does not interfere with the rights of the dominant owner of the easement. Consequently, the defendant may farm or pasture the land subject to the easement, but such use is necessarily subject to the right of plaintiffs to operate and maintain the ditch. He cannot deny the right of the plaintiffs to enter and use the land found to be within the scope of the easement in operating and maintaining the ditch. The defendant may not fence the land so as to interfere with or defeat the easement. We think the evidence sustains a finding that an easement by prescription for an irrigation canal across defendant's land existed in favor of the plaintiffs; that the extent of the easement

on the ground is 25 feet on each side of the center line of the canal; that the trial court correctly ordered the removal of the fence from the land covered by the easement, which interferes with the use of the dominant owner in operating and maintaining the ditch; and that defendant was properly enjoined from interfering with the use, operation, and maintenance of the canal on any of defendant's lands within the scope of the easement, in any manner whatsoever.

AFFIRMED.